UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No. 8:26-cr-50-RAL-CPT

DARLIN JOEL CRUZ AGUILAR
_____/

## PRETRIAL DISCOVERY ORDER AND
## NOTICE OF TRIAL AND STATUS CONFERENCE

The Defendant has been arraigned, and in order to facilitate a self-executing procedure to regulate discovery proceedings in the instant action and to minimize the number of "routine or standard discovery motions" for which established rulings and precedent exist,

**IT IS HEREBY ORDERED AND ADJUDGED**:

That upon the Defendant's request at arraignment (or in writing thereafter) to participate in discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure (Rule 16), counsel for the government shall, no later than ten (10) days from the date of this Order (unless otherwise specified in a particular paragraph), comply with the discovery and disclosure requirements set forth below:

### I.  Rule 16(a)(1)—Government's Disclosure

In accordance with Rule 16(a)(1) and as otherwise required by law, the government shall disclose the following information and documents, which are in the

government's possession, custody, or control, or the existence of which is known or through the exercise of due diligence may become known to the government. Where appropriate, the government shall supply copies, or make available for inspection, copying, or photographing such information or documents.

A. All written, recorded, or oral statements made by the Defendant, including grand jury testimony, as defined in Rule 16(a)(1)(A), (B), and (C).

B. The Defendant's prior criminal record, as defined in Rule 16(a)(1)(D).

C. Documents, tangible objects, or building or places that are material to the preparation of the defense or were obtained from or belong to the Defendant or are intended for use by the government in its case-in-chief, as defined in Rule 16(a)(1)(E).

D. Results or reports of any physical or mental examination and of any scientific test or experiment that are material to the preparation of the defense or are intended for use by the government, as defined in Rule 16(a)(1)(F).

E. At the Defendant's request, the government shall disclose to the Defendant a written summary of any testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications, as set forth in Rule 16(a)(1)(G).

2

## II. Rule 16(b)(1)—Defendant's Disclosure

Upon the government's request for discovery, the Defendant shall promptly provide to the government reciprocal discovery as proscribed in Rule 16(b)(1), if the Defendant has requested discovery of the items specified in Rule 16(a)(1)(E), (F), and/or (G), and the government has complied with the Defendants request.

## III. Exculpatory Information

Without the necessity of further motions or demands, at an appropriate time, but no later than five (5) days prior to trial (unless 18 U.S.C. § 3500 or Fed. R. Crim. P. 26.2 applies), the government shall disclose to the defense the following:

A. The government shall reveal to the Defendant and permit inspection and copying of all information and material(s) known to the government which may be favorable to the Defendant on the issue of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963); United States v. Agurs, 427 U.S. 97 (1976); United States v. Bagley, 473 U.S. 667 (1985); and Kyles v. Whitley, 514 U.S. 419 (1995).

B. The government shall disclose to the Defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), and Napue v. Illinois, 360 U.S. 264 (1959). This includes making available any application to the court for immunity of a witness, as well as any order issued in response to the application. The government need not

disclose papers generated at earlier stages of the immunity process.

C.    The government shall supply the Defendant with a record of prior convictions of any witness who will testify for the government at trial.

No further Brady motions or requests need be filed with the Court. A Defendant, however, may seek relief with respect to a specific dispute concerning the disclosure of favorable evidence.

### IV. Additional Obligations of the Government

In addition to the foregoing, the government is also subject to the following requirements:

A.    The government shall advise all law enforcement agents and officers involved in this case to retain any rough notes, recordings, reports and statements pertaining to this case which are currently in existence. Other government employees are not required to retain their working papers.

B.    The government shall not destroy any evidence in this case without giving ten (10) days' notice to all defense counsel. If there is any objection filed to the proposed destruction, the government shall not destroy the evidence without first having obtained the Court's approval to do so.

C.    The government shall provide to the Defendant, no later than ten (10) days prior to trial, a list stating the general nature of any crimes, wrongs or acts it intends to introduce in evidence against the Defendant pursuant to Rule 404(b) of the Federal Rules of Evidence.

4

D.    The government shall provide to the Defendant, no later than ten (10) days prior to trial, the names of any unindicted co-conspirators whose statements will be offered against the Defendant in the government's case-in-chief pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence.

E.    The government shall state, no later than twenty (20) days from the date of this Order, whether electronic surveillance of any kind, or a mail cover, was used in this case. If the answer is in the affirmative, the government shall state the nature of the surveillance and its duration.

F.    The government shall state, not later than ten (10) days from the date of this Order, whether any confidential informant was used in this case.

G.    The government shall state whether a Defendant was the subject of electronic surveillance as defined in 18 U.S.C. § 2510(11) and, if so, shall set forth in detail the circumstances thereof, including copies of the application(s), affidavit(s), and order(s).

H.    The government shall state whether a Defendant was identified in any lineup, show up, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom within ten (10) days of the date of this Order, or immediately, if the identification is completed after the date of this Order.

I.    The government shall state, no later than ten (10) days from the date of this Order, whether any evidence to be introduced at trial, or leads therefrom, were obtained as a result of a search warrant issued under Fed. R. Crim. P. 41.

### V.  Continuing Duty to Disclose

As proscribed in Rule 16(c), it shall be the continuing duty of counsel for the parties to promptly reveal to opposing counsel all newly discovered information or material(s) within the scope of this Standing Order and Rule 16.

### VI.  Procedures and Related Matters

As indicated, the purpose of this Order is to regulate the discovery proceedings in this case in accordance with the goals of Rule 16, and to eliminate or minimize the filing of standard discovery motions.  As a result, motions covered by Sections I, II, III, and IV of this Order should not be filed as they are unnecessary.  The government need not respond to motions that appear to be covered by this Order.  If this Court determines that a response is required, the government will be directed to file a response.

Absent good cause, the Court will not entertain any motion relating to discovery unless counsel for the moving party certifies that counsel for the parties have been unable to resolve their differences, or reach an agreement after holding a conference, or that opposing counsel has refused to confer without good cause.  The Court will deny without prejudice any discovery motion that does not contain such a statement.

### VII.  Pretrial Motions

Unless otherwise ordered or permitted by the trial judge, pretrial motions attacking the sufficiency of the Indictment or seeking a bill of particulars shall be filed

within fifteen (15) days of the date of arraignment and motions to suppress shall be filed within thirty (30) days of the date of arraignment. Unless otherwise ordered or permitted by the trial judge, any notice called for by Fed. R. Crim. P. 12.1, 12.2, or 12.3 related to an alibi defense, an insanity defense, or expert testimony of Defendant's mental condition, or a defense based upon public authority shall be served no later than thirty (30) days from the date of arraignment absent good cause shown.

### VIII.  Notice of Trial Date and Status Conference

This case is set before the **Honorable Richard A. Lazzara**, United States District Judge, **for the June 2026 trial term beginning on August 3, 2026, and for a status conference on July 10, 2026, at 9:00 a.m.**

**AFTER THE FIRST DAY OF THE TRIAL TERM, ALL COUNSEL SHALL BE AVAILABLE AND READY FOR TRIAL UPON 24 HOURS NOTICE.**

SO ORDERED in Tampa, Florida, this 4th day of June 2026.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

7